O

# United States District Court
# Central District of California

| | |
|---|---|
| COLORADO WEST CONSTRUCTION, INC. et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MT. HAWLEY INSURANCE COMPANY,<br><br>   Defendant.<br><hr>MT. HAWLEY INSURANCE COMPANY<br><br>   Counterclaimant,<br><br>   v.<br><br>COLORADO WEST CONSTRUCTION, INC. et al.,<br><br>   Counter-Defendants. | Case № 5:23-cv-00307-ODW (SHKx)<br><br>**ORDER GRANTING DEFENDANT/ COUNTERCLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [22]** |

## I.   INTRODUCTION

Plaintiffs Colorado West Construction, Inc. and Next Level Construction Services, Inc. bring this action against Defendant Mt. Hawley Insurance Company for failure to defend Plaintiffs in an underlying state court personal injury action. (First

Am. Compl. ("FAC"), ECF No. 15.)  Mt. Hawley countersues Plaintiffs for declaratory relief that it has no duty to defend or indemnify Colorado West or Next Level in the state action.  (Am. Answer & Countercl., ECF No. 16.)  Mt. Hawley now moves for judgment on the pleadings, or, in the alternative, to bifurcate and stay Plaintiffs' bad faith claim.  (Mot. J. Pleadings ("Motion" or "Mot."), ECF No. 22.)  For the following reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings.[1]

## II.   BACKGROUND

This insurance coverage dispute stems from whether Mt. Hawley is obligated, under the liability insurance policy that it issued to Colorado West and Next Level to defend and/or indemnify Plaintiffs in an underlying state court personal injury action ("Underlying Action"), and, if so, whether Mt. Hawley's denied Plaintiffs' defense in bad faith.

The following facts are agreed upon by all parties.  In April 2019, a third party hired Colorado West to perform tenant improvement work at a commercial retail property in Moreno Valley, California (the "Project").  (FAC ¶ 8.)  In connection with the Project, Colorado West hired Next Level to perform certain demolition work.  (*Id.*)  To limit their risk exposure, Plaintiffs entered into a commercial general liability insurance agreement with Mt. Hawley—Policy No. MGL0188812—effective for the period of July 14, 2018, to July 14, 2019 (the "Policy").  (*Id.* ¶¶ 9–10.)  Under the Policy, Mt. Hawley promises to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies," and to "defend the insured against any 'suit' seeking those damages."  (Countercl. Ex. E ("Policy") ¶ I.A.1.a, ECF No. 16.[2])

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] The Court considers the exhibits attached to Plaintiffs' Complaint and Defendant's Counterclaim as incorporated into the pleadings by reference, as they are attached to the pleadings, relied upon by the parties, and undisputed.

The Policy contains a provision titled "Exclusion – Employees, Leased Workers, Volunteers, or Temporary Workers," which expressly provides that "[t]his insurance does not apply to . . . 'bodily injury' . . . to any employees of subcontractors or independent contractors arising out of or in the course of their employment" ("Injury to Subcontractors Exclusion"). (Countercl. ¶ 18.)

In connection with the Project, Next Level "arranged" for a vendor, Armando Padilla Recycling ("Padilla") to remove materials from the roof structure in exchange for recycle and salvage rights. (Opp'n Mot. 7, ECF No. 25; Countercl. ¶ 11; Answer Countercl. ¶ 11, ECF No. 21.) On April 23, 2019, while the Policy was in effect, Miguel Herrera fell approximately twenty-eight feet from the building's roof and sustained serious bodily injuries. (FAC ¶ 13; Countercl. ¶ 12; Countercl. Ex. B ("OSHA Citation"), ECF No. 16.) The parties agree that Herrera "represented that he was an employee of Padilla," and that he fell from the roof "while performing work at the Project." (Answer Countercl. ¶ 12.)

As a result of the accident, the Division of Occupational Safety and Health of California for the Department of Industrial Relations ("OSHA") issued Next Level a citation and fine for "fail[ure] to ensure that the employees wear an approved personal fall arrest." (OSHA Citation; Countercl. ¶ 13; Answer Countercl. ¶ 14.) Next Level appealed OSHA's citation and fine. (*See* Countercl. Ex. C ("OSHA Appeal"), ECF No. 16.) In the Appeal Form, in a section related to affirmative defenses, Next Level's Director of Operations checked a box stating that an "[i]ndependent employee action caused the violation," and added, "Next Level hired a subcontractor and the employee from the subcontractor had the accident." (*Id.* at 2.)

On October 11, 2019, Herrera filed the Underlying Action entitled *Miguel Herrera v. Next Level Construction, Inc. et al.*, Case No. RIC 1905162, in Riverside County Superior Court for alleged negligence and failure to use reasonable care, thereby creating a dangerous condition on the Project's premises. (FAC ¶ 13; Countercl. ¶ 16.) In the Underlying Action, Claimant brings two causes of action—

3

general negligence and premises liability—alleging that he "was walking on the roof of the premises . . . when he fell into a hole and/or opening in the floor which caused him to fall four stories to the ground and sustain serious bodily injuries and damages." (Countercl. Ex. D ("Herrera Compl."), ECF No. 16.)  Herrera is seeking recovery for bodily injury suffered during the Incident. (*Id.* ¶ 11.)

On December 4, 2019, Plaintiffs tendered their request that Mt. Hawley defend Plaintiffs in the Underlying Action. (Countercl. ¶ 19.)  Mt. Hawley denied any duty to defend on the basis that the Injury to Subcontractors Exclusion precluded coverage for the claim. (*Id.*)  Plaintiffs appealed Mt. Hawley's determination, arguing that "there was no evidence that [Herrera] was an employee of Padilla," (Countercl. ¶ 20), but Mt. Hawley again denied Plaintiffs' request, (*Id.* ¶ 21).

On February 9, 2023, Plaintiffs filed the instant action against Mt. Hawley in the Superior Court of the State of California, County of Riverside, bringing three causes of action: (1) declaratory relief that Mt. Hawley is obligated to pay for the costs of Plaintiffs' defense of the Underlying Action, (2) breach of contract resulting from Mt. Hawley's refusal to defend Plaintiffs in the Underlying Action, and (3) breach of the implied covenant of good faith and fair dealing. (*See generally* FAC.)  Mt. Hawley removed the action to this Court under 28 U.S.C. §§ 1441(a), (Notice Removal, ECF No. 1), and now moves for judgment on the pleadings, (*see generally* Mot.).  Alternatively, Mt. Hawley requests that the Court bifurcate and stay Plaintiffs' bad faith claim pending resolution of Mt. Hawley's coverage obligations (i.e., the duty to defend and indemnify) under the policy. (*Id.* at 1–2.)

### III.     LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,

896 F.2d 1542, 1550 (9th Cir. 1989). In general, courts may not consider matters outside the pleadings on a Rule 12(c) motion without treating it as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Hal Roach Studios*, 896 F.2d at 1550.

When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true" and construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient" to withstand a motion for judgment on the pleadings. *Id.* "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("[Leave to amend] is properly denied . . . if amendment would be futile.").

## IV.  DISCUSSION

Mt. Hawley first moves the Court to enter judgment on the pleadings "because the undisputed facts demonstrate that the policy's 'Injury to Workers Exclusion' precludes any potential coverage under the policy for the underlying lawsuit, precluding defense and indemnity under the policy as a matter of law." (Mot. 1.)

Under California law, an insurer "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276–77 (1966). In other words, "the insurer's duty to defend arises . . . [i]f any facts stated in or fairly inferable from the complaint, or

otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy." *Albert v. Truck Ins. Exch.*, 23 Cal. App. 5th 367, 378 (2018) (quoting *McMillin Mgmt. Servs., L.P. v. Fin. Pac. Ins. Co.*, 17 Cal. App. 5th 187, 191 (2017)).

> To prevail, the insured must prove the existence of a *potential for coverage*, while the insurer must establish the *absence of any such potential*. In other words, the insured need only show that the underlying claim may fall with policy coverage; the insurer must prove it cannot.

*Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 300 (1993). "Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales." *Id.* The insurer's duty to defend arises and continues unless it can "*conclusively* establish that the alleged damages 'cannot' fall within the scope of coverage." *Wasau Underwriters Ins. Co. v. Unigard Sec. Ins. Co.*, 68 Cal. App. 4th 1030, 1038 (1998). Therefore, to succeed in its motion for judgment on the pleadings, Mt. Hawley must clearly and conclusively establish on the face of the pleadings that there is no possibility that the Underlying Action falls within the scope of the Policy.

The sole basis for Mt. Hawley's denial of insurance coverage is the Injury to Subcontractor Exclusion. This provision states that "[t]his insurance does not apply to . . . 'bodily injury' . . . to any employees of subcontractors or independent contractors arising out of or in the course of their employment." (Countercl. ¶ 18.) The exclusion also applies to "all causes of action arising out of 'bodily injury' . . . to any employees of a subcontractor or independent contractor by any person or organization for damages because of 'bodily injury.'" (*Id.*)

To begin its analysis, the Court first finds that the pleadings in the Underlying Action "give rise to the potential of liability under the policy." *Gray*, 65 Cal. 2d at 277. In the Underlying Action, Herrera sought recovery for bodily injury arising from Plaintiffs' alleged negligence and failure to use reasonable care. (*See* Herrera

Compl.) Under the Policy, Mt. Hawley promised to defend and indemnify Plaintiffs from lawsuits related to property damage, bodily injury, or personal injury caused by an occurrence as defined by the Policy. (FAC ¶ 11; Policy ¶ I.A.1.a.) From the face of the pleadings in the Underlying Action alone, it is not clear that any exception to coverage applies. Herrera does not allege that he was the employee of Padilla, nor any other subcontractor. (*See* Herrera Compl.) Accordingly, under California law, Mt. Hawley was obligated to assume its duty to defend unless and until it could conclusively refute the potential for coverage raised by the claims in the Underlying Action. *See Wasau Underwriters Ins. Co.*, 68 Cal. App. 4th at 1038.

However, "where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995). The parties do not dispute that, on April 23, 2019, Herrera suffered bodily injury "while performing work at the Project." (Answer Countercl. ¶ 12.) Therefore, the issue here is whether extrinsic facts eliminate potential coverage by clearly establishing that Herrera was an employee of a subcontractor. To this end, Mt. Hawley provides the following three pieces of evidence, incorporated by reference into the Counterclaim, to support the conclusion that there is no potential for coverage: (1) an unsigned purchase order between Next Level and Padilla to "remove all wood framing, plywood, sub purlins (4x6) from roof structure," (Countercl. Ex. A ("Purchase Order"), ECF No. 16), (2) Next Level's OSHA appeal, completed by the company's Director of Operations, which states that an "[i]ndependent employee action caused the violation" and that "Next Level hired a subcontractor and the employee from the subcontractor had the accident," (OSHA Appeal 2), and (3) Plaintiffs' admission that "Herrera represented that he was an employee of Padilla," (Answer Countercl. ¶ 12).

The Court considers all facts in their totality. *See Vann v. Travelers Cos.*, 39 Cal. App. 4th 1610, 1614 (1995) ("In determining whether a duty to defend exists, courts look to all the facts available to the insurer at the time the insured tenders its

claim for a defense."). To that end, the undisputed evidence makes it clear to the Court that Herrera was serving as an employee of Padilla, a subcontractor, in connection with the Project at the time that the incident occurred on April 23, 2019. First, the Purchase Order indicates that Next Level hired Padilla as a subcontractor to clear materials from the roof. Although the purchase order is unsigned, it is still probative of an agreement between the Next Level and Padilla. That the document is unsigned is not in itself dispositive, as neither California law nor the terms of the Policy require a subcontractor agreement to be signed for it to be effective. Additionally, the statement in the OSHA Appeal by Next Level's Director of Operations that Next Level "hired a subcontractor and the employee from the subcontractor had the accident," in combination with Plaintiff's admission that Herrera "represented that he was an employee of Padilla," further support the conclusion that Padilla served as a subcontractor to Next Level and Herrera as the subcontractor's employee. Therefore, the facts and evidence included in the pleadings of this case clearly and convincingly establish that the Injury to Subcontractors Exclusion precludes Mt. Hawley's duty to defend and/or indemnify Plaintiffs in the Underlying Action.

As to Colorado West, Plaintiffs argue that Mt. Hawley improperly conflates the two Plaintiffs. (Opp'n Mot. 15–16.) Relying on the Policy's severability clause, which states that each insured's coverage must be analyzed separately, Plaintiffs argue that, even if the Court finds that the Policy's Injury to Subcontractors Exclusion precludes coverage as to Next Level, the same is not necessarily true for Colorado West. (Opp'n Mot. 16 ("[N]one of this evidence of the related claims in the Counterclaim establish the application of the exclusion to Colorado West.").) However, it is undisputed that Colorado West "hired [Next Level] to provide certain demolition work on the Project." (FAC ¶ 8.) Further, the broad language of the Injury to Subcontractors Exclusion applies to "*any employees of subcontractors or independent contractors*." (Countercl. ¶ 18 (emphasis added).) As the Court has

already determined that Herrera was the employee of a subcontractor for the purposes of the Injury to Subcontractors Exclusion as to Next Level, the Policy's language also necessarily excludes Herrera's injury from coverage as to Colorado West.

Considering the above, the Court finds that Mt. Hawley has met its burden and conclusively established on the face of the pleadings in this action that it has no duty to defend and/or indemnify Plaintiffs in the Underlying Action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Mt. Hawley's Motion for Judgment on the Pleadings as to the declaratory judgment that Mt. Hawley seeks in its Counterclaim. (ECF No. 22.) Accordingly, having concluded that Mt. Hawley owes Plaintiffs no duty to defend and/or indemnify Plaintiffs in the Underlying Action under the terms of the Policy, each of Plaintiffs' causes of action—declaratory relief, breach of contract, and breach of the implied duty of good faith and fair dealing— must fail. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995) (holding that where there is "no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer").

Therefore, this Order resolves the instant action in its entirety. The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

November 27, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**